IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EUGENIO HERNANDEZ, :
    Petitioner :
: CIVIL NO. 3:10-1553
v. :
:
MICHAEL WENEROWICZ and :
ATTORNEY GENERAL OF THE : (JUDGE NEALON)
STATE OF PENNSYLVANIA, : (MAGISTRATE JUDGE MANNION)
    Respondents :

FILED
SCRANTON
NOV 1 6 2012
PER _____
DEPUTY CLERK

**MEMORANDUM**

On July 27, 2010, Petitioner, Eugenio Hernandez, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On August 31, 2012, a Report was issued by United States Magistrate Judge Malachy E. Mannion recommending that the petition be dismissed. (Doc. 19). No objections were filed. The matter is ripe for disposition and, for the reasons set forth below, the Report and Recommendation ("R&R") will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed, the court must make a de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S.

Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7.

Conversely, when no objections are made to a report, the district court is not statutorily required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter, 2008 U.S. Dist. LEXIS at *4-5 (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837, 108 S. Ct. 120, 98 L. Ed. 2d 79 (1987)). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

**Discussion**

After reviewing the instant record, no error is discerned from the Report and Recommendation. The Magistrate Judge has thoroughly set forth the facts and procedural history, which are briefly summarized below. (Doc. 19, pgs. 1-8). In May 2002, following a trial, Petitioner was convicted of possession with intent to deliver a controlled substance, criminal use of a communication facility, simple possession, possession of paraphernalia, and criminal conspiracy. (Doc. 19, pg. 2; Doc. 1). In September 2002, Petitioner was also convicted of possession, criminal conspiracy and related charges. (Doc. 19, pg. 3; Doc. 1). He was sentenced to 184 to 564 months imprisonment. (Doc. 19, pg. 2; Doc. 1). Petitioner filed a direct

appeal of his conviction and sentence to the Pennsylvania Superior Court. On December 22, 2003, the Pennsylvania Superior Court affirmed Petitioner's conviction and sentence. Petitioner then filed a post-conviction relief act ("PCRA") petition with the state trial court. The Lebanon County Court of Common Pleas ordered Petitioner to amend his petition within thirty days, finding that the petition failed to assert a sufficient factual basis. Petitioner failed to respond and the state court dismissed the action on April 21, 2005. Petitioner appealed to the Pennsylvania Superior Court, stating that he failed to respond due to abandonment by his PCRA counsel. On September 7, 2005, the Pennsylvania Superior Court remanded the case to the Common Pleas Court. A hearing was held and the Court of Common Pleas determined that PCRA counsel did not abandon the case. Petitioner then appealed to the Pennsylvania Superior Court. The Superior Court found that Petitioner's PCRA counsel had deprived him of his right to file a counseled first petition and the Court entered an order directing Petitioner to file a counseled *nunc pro tunc* amended PCRA petition. (Doc. 15, Att. 8). On July 12, 2007, Petitioner filed an amended PCRA petition alleging ineffective assistance of trial counsel. (Doc. 15, Att. 4). On February 5, 2008, the Lebanon County Court of Common Pleas ultimately denied the amended PCRA petition. Petitioner appealed to the Pennsylvania Superior Court, which affirmed the Court of Common Pleas' order. Petitioner again sought review by the Pennsylvania Supreme Court, which denied review on February 22, 2010. Petitioner then filed a petition for placement in a recidivism risk reduction program, which the court construed as a second application for post conviction collateral relief, and was denied by the Lebanon County Court of Common Pleas.

On July 27, 2010, Petitioner filed the present habeas petition setting forth several claims of ineffective assistance of counsel. (Doc. 1).

### *Exhaustion and Procedural Default*

A state prisoner is required to exhaust state judicial remedies before filing a federal habeas corpus petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995); 28 U.S.C. § 2254(b). The Third Circuit Court of Appeals stated that:

> When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default.

McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (internal citations omitted).

The Magistrate Judge determined that Petitioner procedurally defaulted several claims. Namely, failing to investigate the circumstances surrounding the police procedures used to entrap him and to violate his due process rights; failing to challenge the confidential informants as to the manner they were able to identify the Petitioner at trial; failing to investigate the alleged death of a close family member of the judge from a drug overdose, resulting in bias against the Petitioner; failing to present evidence that the Petitioner did not own a 1990's Honda; and, failing to investigate and to present evidence of the confidential informants' criminal history, including open cases or deals made with law enforcement. (Doc. 19, pgs. 12-15).

The Magistrate Judge stated that Petitioner failed to comply with procedural requirements when bringing his PCRA claim. (Doc. 19, pg. 12). By order dated September 5, 2007, the Lebanon County Court of Common Pleas notified the Petitioner of its intent to dismiss seven of the nine grounds raised in his amended PCRA petition. The court directed the Petitioner to file a response within twenty days; however, the Petitioner failed to respond and

those seven grounds were later dismissed. (Doc. 15, Att. 12). A hearing was then held on December 15, 2007 regarding the remaining two grounds. The Court of Common Pleas ultimately entered an order dismissing the amended PCRA petition. (Doc. 15, Att. 12). The Petitioner stated that he did not comply with the Court's order directing him to respond because his counsel did not respond and he was unaware of his right to respond. The Magistrate Judge determined that the Petitioner has not presented sufficient evidence of an external cause and actual prejudice to excuse the default. (Doc. 19, pg. 14).

Upon review, and having received no objections, the Court will adopt the Magistrate Judge's conclusion that the Petitioner has procedurally defaulted these claims.

### *Merits of Ineffective Assistance of Trial Counsel*

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. Marshall v. Hendricks, 307 F.3d 36, 85 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first prong of the Strickland test. Id. at 86. It is not necessary for the court to "guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel." Id. at 85. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Commonwealth v. Chambers, 807 A.2d 872, 883 (Pa. 2002) (quoting Strickland, 466 U.S. at 695-96)). The court must consider the totality of the evidence and the burden is on the petitioner. Strickland, 466 U.S. at 687, 695.

The Magistrate Judge determined that four claims raised in the instant habeas petition were not procedurally defaulted, but should nevertheless be dismissed as meritless. (Doc. 16, pg. 10). Those claims are that trial counsel was ineffective for failing to present telephone records and reports related to his co-defendant; trial counsel was ineffective for failing to inform him of the effects of waiving his preliminary hearing; trial counsel was ineffective for failing to inform him of plea offers; and, trial counsel was ineffective for failing to file suppression motions related to the search warrants. (Doc. 19, pgs. 17-20).

The Magistrate Judge noted that ownership of the cell phone was ultimately irrelevant. (Doc. 19, pg. 18). Petitioner had access to the phone, therefore evidence that he did not own the phone would not likely lead the jury to a different conclusion. (Doc. 19, pg. 18). Thus, the Magistrate Judge determined that Petitioner is not entitled to habeas corpus relief with regard to this contention. (Doc. 19, pg. 18).

Next, the Magistrate Judge determined that Petitioner appeared before a magisterial district judge and signed waivers of his preliminary hearings and indicated that he understood the purpose of the hearings. (Doc. 19, pgs. 18-19). Further, the Magistrate Judge stated that Petitioner did not assert any prejudice from failing to have preliminary hearings. (Doc. 19, pg. 19). The Magistrate Judge therefore determined that this claim fails. (Doc. 19, pgs. 18-19).

Regarding the claim that trial counsel failed to inform Petitioner of plea offers, the Magistrate Judge noted that Petitioner testified that he discussed at least one plea offer relating to

6

his May 2002 convictions, and two plea offers relating to his September 2002 convictions. (Doc. 19, pg. 19). Thus, the Magistrate Judge stated that trial counsel was not ineffective for failing to inform Petitioner of the plea offers. (Doc. 19, pg. 19).

Lastly, the Magistrate Judge determined that trial counsel did not err in failing to file suppression motions. (Doc. 19, pgs. 19-20). The Magistrate Judge noted that the state court found that there was probable cause for the searches, therefore trial counsel was not ineffective for failing to pursue meritless claims. (Doc. 19, pg. 19). The Magistrate Judge did not err in finding that Petitioner failed to set forth a valid claim of ineffective assistance of counsel regarding the filing of suppression motions.

**Conclusion**

After review, and having received no objections, the Magistrate Judge's Report and Recommendation will be adopted. The petition for writ of habeas corpus will be dismissed. An appropriate order follows.

**Date:** November 16, 2012

**United States District Judge**